THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN SMITH, on behalf of himself, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENTIST MIDWEST HEALTH, an Illinois Non-profit Corporation, d/b/a ADVENTIST HEALTH CARE AT HOME,<br><br>Defendant. | Case No. 1:16-cv-7606<br><br><br><br><br><br><br><br><u>**JURY TRIAL DEMANDED**</u> |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff RYAN SMITH, individually and on behalf of all other similarly situated employees ("Plaintiffs"), by and through his counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Federal Rule of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, against Defendant ADVENTIST MIDWEST HEALTH, an Illinois Non-profit Corporation, d/b/a ADVENTIST HEALTH CARE AT HOME ("Defendant"), and alleges upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendant's systematic, companywide wrongful classification of Plaintiff and other similarly situated home health clinicians as exempt from the overtime

compensation requirements of the FLSA and IMWL. These persons worked for Defendant as registered nurses, physical therapists, occupational therapists, speech pathologists, or other similarly titled positions who provide health care services to patients in their homes (collectively "Clinicians").

2. For an employer to properly exempt an employee from the overtime compensation requirements of the FLSA and IMWL, Defendant must strictly and affirmatively establish both that the employee performs duties which meet one of the categories for exemption, and also that the employee is compensated on either a "salary" basis or a "fee" basis. Defendant, pursuant to its standardized pay practices and policies, pays Plaintiffs on a "per visit" basis, where each purported "visit fee" is calculated by applying a pre-defined multiplier to an hourly base rate assigned to Plaintiffs. Accordingly, the "per visit" fees are in essence a proxy for hourly compensation. In addition to "per visit" fees, Defendant likewise pays Plaintiffs for non-visit related work based on the amount of time spent on the task. This pay scheme does not comport with either the salaried basis or the fee basis requirements of the FLSA or the IMWL. Accordingly, Defendant cannot meet its burden of establishing Plaintiffs are exempt and have wrongly deprived Plaintiffs of earned overtime compensation in violation of the FLSA and IMWL.

3. During the relevant statutory period, Defendant has maintained a corporate policy and practice of paying Clinicians pursuant to a compensation method which includes "per visit" payments as a proxy for hourly payments for home visits, payments that vary based on the number of hours worked for non-visit related work, and no payments for other work performed outside of the time spent in the patients' homes.

4. Defendant pays Clinicians on a "per visit" basis for time spent visiting patients by applying a pre-defined multiplier assigned to each type of visit to an hourly "base rate" assigned to each Clinician. For example, all routine visits for registered nurses are paid at the equivalent of 1.33 times their hourly rate (one hour and twenty minutes); all start of care visits are paid at 2.5 times the routine visit rate; and all recertification visits, resumption of care visits, and discharge visits are paid at other set multipliers of the routine visit rate. These visit rates are based on the amount of time in the home and documentation time required for each type of visit, and thus home visits that typically require more time and documentation are paid at higher rates.

5. Defendant pays Clinicians hourly visit equivalencies based on the number of hours worked for time spent on certain non-visit related work, including but not limited to, time spent in staff meetings, case conferences, continuing education training, and in-services. Clinicians are also paid an hourly rate when they are "on call" and when they take paid time off (PTO).

6. Defendant does not pay Clinicians any sums for a multitude of other work tasks they are routinely required to perform outside of the time spent in patients' homes, including but not limited to, completing documentation of patient visits ("charting"), preparation time for visits, communications with patients, physicians and other medical care providers, travel time between patients' homes, coordinating care with other disciplines, ordering equipment and supplies, and, for registered nurses, time spent dropping off lab specimens and following up on lab work.

7. Based upon its compensation practice and policy, Defendant uniformly misclassifies Clinicians as exempt employees.

8. Defendant failed to compensate Plaintiffs for all overtime wages earned.

9. Accordingly, Defendant is liable for its failure to pay Plaintiff and other similarly-situated employees for time worked in excess of forty (40) hours in given workweeks at one and one-half times their regular rate.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

11. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

14. Plaintiff RYAN SMITH is an adult resident of Illinois who worked for Defendant as a Clinician during the applicable statute of limitations period and was paid on a "per visit" basis as a proxy for hourly compensation.

15. During the relevant time period, RYAN SMITH was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL 820 ILCS § 105/3(d).

16. At all relevant times, Defendant ADVENTIST MIDWEST HEALTH, d/b/a ADVENTIST HEALTH CARE AT HOME, has been a non-profit corporation organized under, and governed by, Illinois law, and a citizen of Illinois with its principal place of business located at 5101 South Willow Springs Road, La Grange, Illinois.

17. At all relevant times, Defendant was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS § 115/2.

## FACTUAL ALLEGATIONS

18. Plaintiff RYAN SMITH and all the similarly-situated Clinicians he seeks to represent, were required, among other things, to provide care to patients in their homes, complete documentation of patient health and visits ("charting"), communicate with patients, physicians and other medical care providers, and participate in various meetings and training. Defendant compensated Plaintiffs at an hourly base rate multiplied by pre-defined visit multipliers as a proxy for hourly compensation.

19. Defendant compensated Plaintiffs using hourly visit equivalencies based on the number of hours worked for time spent in staff meetings, case conferences, continuing education training, in-services, and time spent "on call" and on paid time off (PTO).

20. Defendant failed to compensate Plaintiffs for time worked performing certain tasks including, but not limited to, work performed before and after patient visits such as charting, preparation time for visits, communications with patients, physicians and other medical care providers, travel time between patients' homes, coordinating care with other disciplines, ordering medical equipment and supplies and, for registered nurses, time spent dropping off lab specimens and following up on lab work.

21. Defendant classified Plaintiffs as exempt employees under the FLSA and IMWL and did not pay them overtime wages despite working in excess of forty (40) hours in given workweeks.

22. Defendant directed Plaintiffs to work, and they routinely did work, in excess of forty (40) hours in given workweeks, but were not compensated for overtime wages earned at a rate of one and one-half times their regular rate.

23. Defendant misclassified Plaintiffs as exempt from overtime compensation under the FLSA and IMWL.

24. Defendant suffered and permitted Plaintiffs to work more than forty (40) hours per week without overtime pay.

25. Defendant did not keep accurate records of all of the hours worked by Plaintiffs.

26. Defendant was aware, or should have been aware, that Plaintiffs performed non-exempt work that required payment of overtime compensation. For instance, because Defendant assigned Plaintiffs their work and required them to work long hours to complete all of their job duties and responsibilities, Defendant knew or should have known that Plaintiffs worked overtime hours.

## FLSA COLLECTIVE ACTION ALLEGATONS

27. Plaintiff brings claims on his own behalf and as a representative of all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

28. Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All persons who worked as home health Clinicians for Defendant at any time since three (3) years prior to the filing of this Complaint through the date of judgment in this action, and who were classified as exempt, paid on "per visit" basis, and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "FLSA class").

29. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

30. This action is properly maintained as a collective action because the representative Plaintiff is similarly situated to the members of the FLSA class with respect to their training, job duties and compensation plan, and are all subject to a common practice, policy or plan in which Defendant suffered and permitted them to perform work for the benefit of Defendant in excess of forty (40) hours in given workweeks without compensation at time-and-a-half their regular rate of pay.

31. Defendant knew or should have known that it had misclassified Plaintiffs as exempt.

32. Defendant knew or should have known that Plaintiffs worked in excess of forty (40) hours in given workweeks.

33. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

34. There are over one hundred (100) similarly situated current and former Clinicians who Defendant misclassified in violation of the FLSA and who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

35. The precise number of FLSA class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the FLSA class may be informed of the pendency of this action directly via U.S. mail, e-mail and otherwise.

## IMWL CLASS ALLEGATIONS

36. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings claims on his own behalf and as a representative of all other similarly situated individuals pursuant to the IMWL, 820 ILCS 105/1, *et seq*., to recover unpaid wages, unpaid overtime

compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

37. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of the IMWL are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

38. Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of similarly situated employees under the IMWL:

> All persons who worked as home health Clinicians for Defendant at any time since three (3) years prior to the filing of this Complaint through the date of judgment in this action, and who were classified as exempt, paid on a "per visit" basis, and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "IMWL class").

39. This action is properly maintained as a class action under Rules 23(a) and (b) because:

   A. The class is so numerous that joinder of all members is impracticable;

   B. There are questions of law or fact that are common to the class;

   C. The claims or defenses of the Named Plaintiff are typical of the claims or defenses of the class; and,

   D. The Named Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

40. The total number of putative class members is in excess of one hundred (100) individuals. The exact number of class members may easily be determined from Defendant's payroll records.

### Commonality

41. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the IMWL class in that Plaintiff and all members of the class have been harmed by Defendant's failure to compensate current and former Clinicians for all time worked in excess of forty (40) hours in given workweeks. The common questions of law and fact include, but are not limited to the following:

   A. Whether Defendant can meet its burden of proving it properly classified Plaintiff and the class as exempt from the overtime requirements of the IMWL;

   B. Whether Defendant failed to keep true and accurate records of the amount of time Plaintiff and the class actually worked; and,

   C. Whether Plaintiff suffered damages and the proper measure of those damages.

42. Plaintiff anticipates that Defendant will raise defenses that are common to the class.

## Adequacy

43. The Named Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

## Typicality

44. The claims asserted by the Named Plaintiff are typical of the class members he seeks to represent. The Named Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

45. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual

9

litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

### **Predominance and Superiority**

46. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

47. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

### **COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Plaintiff and other Clinicians employed by Defendant are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

50. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

51. Defendant willfully engaged in a practice of violating the FLSA by misclassifying Plaintiff and similarly situated employees as "exempt," and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Sections 206 and 207 of the FLSA.

52. Plaintiff and members of the FLSA class are not subject to any exemption.

53. Defendant failed to create or maintain accurate records of the time Plaintiffs and the FLSA class worked in violation of the FLSA, 29 U.S.C. § 211(c).

54. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA class have suffered and will continue to suffer a loss of income and other damages.

55. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of its Clinicians.

56. As a result of Defendant's unlawful acts, it is liable to Plaintiff and the FLSA class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**COUNT II**

**VIOLATION OF ILLINOIS MINIMUM WAGE LAW**

57. Plaintiff incorporates by reference all preceding paragraphs.

58. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

59. The IMWL, 820 ILCS § 105, *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

60. Defendant engaged in a practice of violating the IMWL by misclassifying Plaintiff and similarly situated employees as "exempt," and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

61. Plaintiff and members of the IMWL class are not subject to any exemption.

62. Defendant failed to create or maintain accurate records of the time Plaintiff and the IMWL class worked in violation of the IMWL, 820 ILCS § 105/8.

63. As a result of Defendant's violations of the IMWL, Plaintiff and the IMWL class have suffered and will continue to suffer a loss of income and other damages.

64. As a result of Defendant's unlawful acts, it is liable to Plaintiff and other IMWL class members for actual damages, liquidated damages and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, RYAN SMITH, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against the Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

B. Order Defendant to furnish to counsel a list of all names, telephone numbers, home addresses and email addresses of all Clinicians who have worked for Defendant within the last three years;

C. Authorize Plaintiff's counsel to issue notice at the earliest possible time to all Clinicians who have worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D. Certify a class action under Count II;

E. Appoint Stephan Zouras, LLP as counsel for the Plaintiffs under Rule 23(g);

F. Declare and find that Defendant committed one or more of the following acts:

   i. Violated the overtime provisions of the FLSA by misclassifying Plaintiff and similarly situated employees who opt-in to this action as exempt from overtime compensation;

   ii. Willfully violated provisions of the FLSA; and

   iii. Violated the overtime provisions of the IMWL by misclassifying Plaintiff and similarly situated employees as exempt from overtime compensation;

G. Award compensatory damages in the amount of one and one-half times Plaintiff's and similarly situated persons' regular rate of pay for all time they worked in excess of forty (40) hours per week under the FLSA;

H. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

I. Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

J. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

K. Grant leave to amend to add claims under applicable state and federal laws;

L. Grant leave to add additional plaintiffs by motion, by the filing of written consent forms, or by any other method approved by the Court; and,

M. For such further relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: July 27, 2016                    Respectfully Submitted,


*/s/ James B. Zouras*
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
www.stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFFS**