THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APRYL IVY, on behalf of herself, individually, and on behalf of all others similarly situated, ) ) ) ) ) | |
| Plaintiff, ) ) | Case No. 1:16-cv-7606 |
| v. ) ) | Judge Ronald A. Guzman |
| ADVENTIST MIDWEST HEALTH, an Illinois Non-profit Corporation, d/b/a ADVENTIST HEALTH CARE AT HOME, ) ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. ) | |

### ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY AND GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On July 9, 2018, the Court heard the Parties' joint motion for preliminary approval of a class action settlement. The Court has considered the Settlement Agreement and its exhibits, including the Notice of Proposed Settlement of Class and Collective Action Lawsuit ("Notice of Settlement"), the Claim Form, and the Election to Opt Out and Be Excluded from the Settlement and Class Action form, along with the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the Settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. This Court grants preliminary approval of the Parties' Class and Collective Action

Settlement.

4. This Court finds that the proposed Settlement Class is proper and should be certified. For purposes of the proposed Settlement, the Settlement Class is certified pursuant to Fed. R. Civ. P. 23 as follows:

> All individuals employed by Adventist Midwest Health as home health Clinicians in Illinois during the period July 27, 2013 through June 19, 2018, who were classified as exempt and were allegedly not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks.

5. This Court specifically finds for purposes of this Settlement that (i) the Class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Named Plaintiff's claims are typical of the class claims; and (iv) the Named Plaintiff will be able to fairly and adequately protect the interests of the Settlement Class. In addition, this Court finds for purposes of this Settlement that common questions of fact and law predominate over questions affecting individual Class Members, and the class action is superior to other available methods of adjudication. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all Class Members.

6. This Court appoints the attorneys from Stephan Zouras, LLP as Class Counsel and Named Plaintiff Apryl Ivy as Class Representative.

7. This Court approves Dahl Administration as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement and the plan of settlement administration therein.

8. The Notice of Settlement to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and of the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the

Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the State of Illinois, and all other applicable laws. The Notice of Settlement is accurate, objective, and informative and provides members of the Settlement Class with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9. The Notice of Settlement, Claim Form, and the Election to Opt Out and Be Excluded from the Settlement and Class Action form, attached to the Settlement Agreement as Group Exhibit B, are approved. The Settlement Administrator is authorized to mail those documents to the Class Members as provided in the Settlement Agreement.

10. Any written objection to the Settlement must be submitted to the Court no later than sixty (60) days after the Notice of Settlement is mailed to the Class Members.

11. This Court preliminarily approves an award of attorneys' fees to Class Counsel of up to $96,000.00, plus reasonable litigation costs not to exceed $15,000.00 and settlement administration expenses in an amount to be determined but not to exceed $7,500.00.

12. The Court will conduct a Final Approval Hearing on October 25, 2018 at 11:00 a.m. to determine the overall fairness of the Settlement. The Final Approval Hearing may be continued without further notice to Class Members. The Class Representative and Defendant shall file their motion for approval of the settlement, and Class Counsel shall file their unopposed motion for attorneys' fees and costs, settlement administration expenses, and Service Payments to the Class Representative and Opt-In Plaintiff on or before October 18, 2018.

IT IS SO ORDERED.

Dated: July 9, 2018

_____
The Honorable Jeffrey T. Gilbert
United States Magistrate Judge